### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.:

JOSE MAGALLANES on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

COLORADO LANDSCAPE DENVER,
A&M LAWN SERVICES, LLC and
AARON MUNOZ,

    Defendants.

_____

### COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
_____

Plaintiff, by and through undersigned counsel, files this Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1. Defendants employed Plaintiff and those similarly situated as landscape laborers to work long hours for low wages in Defendants' landscaping business.

2. Defendants refused to pay their employees overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7

C.C.R. 1103-1 and prior Minimum Wage Orders ("MWOs") because the COMPS and MWOs require employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5. Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

6. Plaintiff seeks, on his own behalf and on behalf of all others similarly situated, actual and liquidated damages, penalties, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal wage law.

## **PARTIES, JURISDICTION, AND VENUE**

7. Plaintiff Jose Magallanes was employed by Defendants from approximately 2015 through May, 2021. Plaintiff Magallanes' signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

8. Colorado Landscape Denver is a registered Colorado limited liability company with a principal street address of 15250 E. 23rd Avenue, Aurora, CO 80011.

9. A&M Lawn Service, LLC was a registered Colorado limited liability company with a principal street address of 15250 E. 23rd Avenue, Aurora, CO 80011.

10. Defendant Aaron Munoz is the owner and manager of Colorado Landscape Denver and A&M Lawn Service, LLC.

11. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

12. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the COMPS, MWOs and the CWCA. 28 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

14. Plaintiff and those similarly situated worked as laborers in Defendants' landscaping business.

15. Though Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, Defendants refused to pay their employees overtime wages for overtime hours worked.

16. For example, Plaintiff Magallanes worked 46.5 hours during the one-week pay period running from June 7, 2020 through June 13, 2020 and was paid at a regular hourly rate of $17.00 for all hours worked. Similarly, Plaintiff Magallanes worked 47 hours during the one-week pay period running from September 20, 2020 through September 26, 2020 and was not paid overtime premiums for overtime hours worked. And during the one-week pay period running from April 28, 2019 through May 4, 2019, Plaintiff worked 46 hours for Defendants and was not paid overtime wages.

17. Defendants subjected all their employees to the same policy and practice of failing to pay overtime premium wages for overtime hours worked.

18. Each year relevant to this action, Plaintiff and other employees handled landscaping materials, shovels, wheelbarrows and other materials which moved in interstate commerce.

19. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

20. Defendant Aaron Munoz, at all material times, exercised operational control and/or financial control over the landscaping enterprise and exercised control over his and the enterprise's employees' terms and conditions of employment. For example, Defendant Munoz hired and fired his employees, made important financial decisions regarding the enterprise, controlled his employees' rates of pay, and made the decision to deny his employees overtime pay for overtime hours worked.

21. Plaintiff hereby demands, on his own behalf and on behalf of all others similarly situated who have been separated from employment with Defendants, payment in an amount equal to all earned but unpaid wages due plus an equal amount in liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

22. Plaintiff brings his FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

   All employees who worked on or after July 7, 2018.

23. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

24. All potential collective action Members are similarly situated because they worked for Defendants and were subject to Defendants' common policy of avoiding overtime wage payments.

4

**FIRST CLAIM – Failure to Pay Overtime Premiums**
**Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**

25. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

26. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

27. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

28. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

29. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

30. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

31. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

32. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

33. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**SECOND CLAIM – Failure to Pay Overtime Premiums**
**Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the COMPS and MWOs, 7 CCR 1103-1**

34. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

35. Defendants were Plaintiff's and those similarly situated's "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

36. Plaintiff and others were Defendants' "employees" as that term is defined by the

5

COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

37.     Defendants engage in a service enterprise that prepares and offers for sale a service to the consuming public and that generated 50% or more of its annual dollar volume of business from such sales and is thus covered by the MWOs. 7 CCR 1103-1(2)(A).

38.     Defendants engage in a commercial support service enterprise that provides landscaping services through the use of service employees and is thus covered by the MWOs. 7 CCR 1103-1(2)(B).

39.     Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4.1.1).

40.     Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

41.     Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

## THIRD CLAIM
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq*.)

42.     Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

43.     Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

44.     Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants.  C.R.S. § 8-4-101(5).

45.     Defendants violated the CWCA, when they failed to pay Plaintiff and those similarly situated all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

6

46.     As a result, Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

47.     Plaintiff and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.


**WHEREFORE**, Plaintiff prays, as to his FIRST CLAIM, that:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. He and the 216(b) Class be awarded unpaid overtime premiums;

   c. He and the 216(b) Class be awarded liquidated damages as required by law;

   d. He and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

   e. He and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   f. He and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

And, as to his SECOND CLAIM, that:

   a. Plaintiff and others be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

   b. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

And, as to his THIRD CLAIM, that:

   a. Plaintiff and others be awarded the wages earned, vested and determinable wages they are due per C.R.S. § 8-4-109;

   b. Plaintiff and others be awarded statutory penalties per C.R.S. § 8-4-109;

c. Plaintiff and others be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;

d. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*